UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
DERRICK JORDAN,                                             :
                                                            :
                         Petitioner,                        :
                                                            :    06 Civ. 4074 (GEL)
            - against -                                     :
                                                            :    **OPINION AND ORDER**
MARSHALL,                                                   :
                                                            :
                         Respondent.                        :
                                                            :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

Derrick Jordan, a New York State parolee, brings this petition for habeas corpus challenging his conviction and sentence to five to ten years of imprisonment for sale of a controlled substance as a second felony offender. The petition will be denied.

Jordan was convicted by a jury at his second trial, after the first had resulted in a hung jury. The prosecution called only two witnesses: the undercover officer who testified that he had purchased ten dollars worth of crack from Jordan and Courtney Anderson on a Harlem street, and the arresting officer, who did not observe this transaction. Jordan testified in his own defense, denying that he participated in a drug sale. The prosecution did not call the "ghost," a second undercover officer who was present to observe and protect the principal undercover. The ghost had testified at the first trial that Jordan had offered to sell drugs to her, and that she had seen the undercover give money to Anderson, who passed it to Jordan; she later saw Jordan give an object and money to Anderson, who in turn passed them on to the undercover. She did not see the entire transaction, since she was trying to move away from the transaction to radio information to the arrest team.

Defense counsel at Jordan's second trial asked the judge to give a "missing witness" instruction regarding the failure to call the ghost. When that was denied, counsel sought leave to argue an adverse inference in summation, but the judge forbade him to do so.

Jordan raised the denial of the instruction and the summation prohibition on direct appeal in the state court. The Appellate Division rejected the argument and affirmed the conviction, ruling that the missing "officer's testimony at the first trial was completely favorable to the prosecution and plainly cumulative to other testimony, and there is nothing to indicate her testimony would have been different at the second trial. Accordingly, there was no basis for the jury to draw an adverse inference from the People's failure to call the witness." People v. Jordan, 795 N.Y.S. 2d 46 (1st Dep't). The Appellate Division also held that the trial court had "properly exercised its discretion" in prohibiting defense comment on the missing witness, noting that while such comment is usually permissible, "here defense counsel . . . was familiar with the officer's testimony at the first trial and lacked a good faith basis for such a comment." Id.

Jordan now petitions for habeas corpus, assigning as a ground for relief simply "missing witness," and attaching a copy of his state court appellate brief. Upon being paroled, he did not notify the Court of his new address; when respondent mailed answering papers to the address obtained from Jordan's parole officer, the package was returned undelivered. Thus, Jordan has not filed a reply and the petition is deemed fully submitted.

Since the Appellate Division rejected Jordan's claim of denial of due process on the merits, habeas relief will only be granted if the state court's action was "contrary to, or involved an unreasonable application of," Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Jordan does

not contend, nor could he, that the Appellate Division's conclusion was contrary to a controlling Supreme Court precedent.

Nor did the state courts apply federal law unreasonably, or even erroneously. "As a general matter, a jury charge in a state trial is a matter of state law and is not reviewable in a federal habeas corpus proceeding absent a showing that the alleged errors were so serious as to deprive the petitioner of the constitutional right to due process." Godfrey v. Irvin, 871 F. Supp. 577, 581 (W.D.N.Y.1994). In particular, the decision whether to grant a missing witness charge is within the trial court's discretion, Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992), and the failure to give the charge will "rarely support . . . habeas relief." Manning v. Walker, No. 99 Civ. 5747, 2001 WL 25637, at *9 (E.D.N.Y. Jan. 3, 2001), quoting Malik v. Kelly, No. 97 Civ. 4543, 1999 WL 390604, at *7 (E.D.N.Y. Apr. 6, 1999). "Cases are legion that have refused to grant habeas relief to petitioners based on an alleged failure to provide a missing witness charge." Jones v. Spitzer, No. 01 Civ. 9754, 2003 WL 1563780, at *39 (S.D.N.Y. Mar. 26, 2003).

This case is not the rare exception to the rule. While calling the ghost officer would presumably have allowed defense counsel an opportunity to exploit minor inconsistencies between the officers' accounts, the ghost's testimony at the first trial was in no sense favorable to Jordan, was consistent with the undercover officer's testimony on the main point of the transaction, and described Jordan as committing the crime charged in the indictment. The "missing" officer was available to be called by the defense, which also chose not to call her. Under these circumstances, to instruct the jury that it could infer that the ghost's testimony would favor the defense would be a travesty.

As the Appellate Division recognized, "summation comment on a witness's absence does not require the same foundation as a missing witness charge." People v. Jordan, 795 N.Y.S.2d at 47. Restriction of a defendant's argument to the jury raises more serious constitutional questions than a judge's refusal to give a particular charge, since such a restriction could be seen as interfering with the right to present a defense. See Herring v. New York, 422 U.S. 853, 860-61 (1975) (discussing the defense's right to make closing summations).

Nevertheless, the Supreme Court has held that a trial court has "great latitude" in controlling summation arguments to "ensure that argument does not stray unduly from the mark." Id. at 862. It was hardly an "unreasonable application" of that principle for the trial court to prevent defense counsel from arguing that a missing witness's testimony would likely have favored the defense, when the court and counsel both knew that the witness would have inculpated the defendant.

Accordingly, the petition for habeas corpus is denied. As petitioner has not made a substantive showing of denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111–13 (2d Cir. 2000) (upholding issue of a certificate of appealability upon finding of a substantial showing that a constitutional right had been denied).

SO ORDERED.

Dated: New York, New York
       October 10, 2006

                                                          /s/ Gerard E. Lynch
                                                          GERARD E. LYNCH
                                                          United States District Judge